MAYER STERNBERGER et al.

*v.*

MARTHA F. HURTZIG.

The complainants sold the defendant a lot of land, the bargain being made through a firm consisting of defendant's husband and one Nones. The complainants, afterwards needing this lot to build a stable on their adjacent land, agreed with defendant's husband that she should take another lot belonging to complainants in exchange for the one first sold to her, and the complainants further agreed with defendant's husband to build a stable for her on the exchanged lot, and did so. Thereupon complainants built part of their own stable on defendant's first-mentioned lot. It did not appear that the husband had any authority to bind his wife.—*Held,* that an injunction to restrain defendant from proceeding at law to recover her first-named lot, could not be allowed.

Bill for relief.   On demurrer, general and special, to bill.

*Mr. Charles Haight,* for demurrant.

*Mr. John E. Lanning,* for complainants.

THE CHANCELLOR.

The bill is filed by Mayer and Simon ·Sternberger and their wives against Martha F. Hurtzig for an injunction to stay an action of ejectment brought by her against the complainants, and for other relief.   The grounds of suit here appear to be, according to the bill, that the complainants sold and conveyed to the defendant a lot of land at Long Branch; that the bargain for the sale and conveyance was made by them with the firm of A. Nones & Co. (which was composed of Alexander Nones and Emil Hurtzig, the defendant's husband), who directed that the deed be made to the defendant, and the property was so conveyed accordingly; that after the conveyance the complainants, Mayer and Simon Sternberger, who owned· the adjoining land, proposed to build stables on their property, and needed, in order

to carry out their plans, Mrs. Hurtzig's lot; that they therefore agreed with her husband that she should exchange her lot with them for another as nearly as possible in the same location, but of larger size (what particular lot, if any, was designated, is not stated), and he then instructed Mayer Sternberger to proceed to construct for Mrs. Hurtzig a stable on such other lot, and he did so, and that she is now proceeding by action of ejectment against the complainants to recover possession of her lot (the one first mentioned), on which, it would appear, the Sternbergers have built part of their stables, and she refuses to pay for the stable built by the Sternbergers for her on the lot which they proposed to exchange with her for hers. The bill is insufficient. No relief can be granted on it. It is wholly based on an alleged agreement made by Hurtzig in regard to his wife's land, and it does not appear, and, indeed, it is not even alleged, that he had any authority whatever to bind her. Nor does it appear in any way that she is bound by it, or in any way estopped, either by acquiescence or otherwise, from proceeding at law to recover possession of the property conveyed to her by the complainants. The mere fact that the contract for the sale of the land was made with A. Nones & Co. is obviously not enough to bind her by their agreement made for her after the conveyance, and it is equally obvious that her husband, merely as such, had no power to bind her in the premises. The demurrer for want of equity will be allowed.